**BRUCE** *vs.* **ROSS ET AL.**

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY

OF NEW ORLEANS.

Where the articles do not contain a clause that the partnership might be dissolved at the will of one of the parties, simply by withdrawing from it, and the other refuses to consent, it becomes necessary for the complaining partner to apply to the court for a dissolution.

But in case of violation of any of the articles of partnership by one partner, the other may dissolve the partnership, even without a stipulation to that effect.

Where a partnership has been properly dissolved by the judgment of the inferior court, and a liquidation ordered, it will be carried into effect by this court.

This is an action by a partner against his co-partner for the dissolution of a particular partnership, entered into for the purpose of carrying on the manufacture of biscuit, crackers, &c., on a new plan according to a patent machine, which they hired from one John Bruce, a brother of the plaintiff, who intervened in this suit. The partnership was entered into on the 17th January, 1838, and this suit commenced in May following.

The plaintiff charges the defendant, Ross, his co-partner, with a positive violation of the articles of partnership, and of mismanaging its accounts and affairs. The defendant in effect admitted some violations of one of the articles of partnership, and was willing the plaintiff might withdraw and leave him in the undisturbed possession of the partnership business. John Bruce interposed and claimed the right to withdraw his patent machine to make buiscuit, in case the partnership was broken up.

The Parish Judge was of opinion the plaintiff showed sufficient cause for a dissolution, gave judgment dissolving the partnership accordingly; and ordered its affairs to be liquidated and settled under the direction of the court, and that the intervenor have the right to take back his patent machine; reserving his right to hire for the use of it.

The defendant appealed.

*Hoffman,* for the plaintiff and appellee.

*Barker,* for the appellant.

*Simon, J.* delivered the opinion of the court.

The object of this action is the dissolution of the partnership heretofore existing between the plaintiff and the defendant. Plaintiff represents that on the 17th of January, 1838, he and the defendant agreed to form a special co-partnership for the purpose of carrying on the business of baking ship biscuit, crackers, &c., and other articles in that line ; and signed and executed a written agreement to that effect.   That accordingly a building and necessary machinery were procured and work-men engaged, &c.   He further avers that by the 4th article of the agreement, it was declared that a regular set of books of account should be kept for the transactions of the firm ; to be settled up monthly, and the profits equally divided.   That by the 6th article, it was declared that neither party should be allowed to contract debts or incur liabilities.   That by the 8th article, it was provided that the partnership should continue for five years, unless the parties should mutually agree to dissolve it ; and that if during that time, either party should violate any of said articles, the other partner might dissolve the partnership,   He also alleges that the defendant has vio-lated the 4th and 6th articles by refusing to permit books to be kept and settlements being made monthly, &c.; and also by contracting debts contrary to the will and consent of the pe-titioner; that he has also violated the 7th article ; and that as it now becomes necessary to liquidate the partnership, it is proper that the books be sequestered, in order to enable the court to come to a final and equitable adjustment of the rights of the parties.   He prays that the partnership be dissolved, that a division and settlement of the concern may be ordered, and that in the mean time the books be sequestered.

To this petition, the defendant filed a long and explanatory answer, in which, after denying his having violated any of the

articles of the co-partnership, and alleging that he had com-
plied with the same with scrupulous fidelity, he gives a de-
tailed statement of the general affairs and transactions of the
partnership, reviews at length all the circumstances relative to
its conduct and administration during its existence, and ex-
plains the object and purpose of his private dealings and
transactions. He further avers that the plaintiff has violated
his duty and neglected the business of the firm, expresses his
willingness that said plaintiff should withdraw from the part-
nership and leave him, defendant, to pursue the business on
his own account, insists however on objecting to the dissolu-
tion of the partnership and to the sale of the effects and pro-
perty belonging thereto, and concludes by propounding
interrogatories to the plaintiff, and praying a decree of the
court for general and special damages.

A few days after the institution of this suit, John Bruce in-
tervened for the purpose of claiming the return of the patent
baking machinery which he had hired to the partnership, in
the event of its termination; on the grounds that by the ar-
ticles of agreement between him and the partners, and owing
to the circumstances existing between them, said machinery
could no longer be used by the firm or by either of the
partners.

The court a qua ordered that the partnership in question be
dissolved, that a liquidation and settlement of the concerns be
subsequently made and proceeded upon, subject to such orders
as may hereafter become necessary; and that John Bruce's
machinery be delivered over to him, reserving his right to
claim the amount of the hire thereof against the partnership.
From this judgment, the defendant appealed.

It is contended by the appellant that the plaintiff had a right
to dissolve the partnership without resorting to the interposi-
tion of a court of justice, and by simply retiring therefrom;
that this suit is the result of a combination between plaintiff
and intervenor; that by the agreement it was the duty of the
plaintiff to have kept a regular set of books, and to make

monthly settlements of the accounts, which he neglected to do; and that said plaintiff has on his part violated the articles of partnership.

In the actual condition of the case, it is very difficult to discover the grounds of complaint of the defendant, against the judgment of the inferior tribunal; the judgment appealed from does not go further than ordering a dissolution of the partnership, and a final liquidation and settlement thereof; and the pleadings show or at least intimate that the defendant himself does not wish the said partnership to continue any longer. He sets up against his partner acts of violation which, he says, he has committed to his prejudice, and appears to rely principally on his claim for damages.

Our enquiry, however, must be limited to the question whether the partnership was properly dissolved on sufficient grounds? The voluminous evidence contained in the record and which we have carefully examined, has convinced us most conclusively that sometime before the institution of this suit, both parties evinced by their conduct, a respective disposition to withdraw from the partnership; neither of them appeared to be willing to continue the business together, and this was the principal cause of their violating or not complying with their articles of agreement. It is, however, clearly established that the defendant has actively violated the fourth article, by preventing the plaintiff from having a free access to the books and making a monthly settlement as provided for in their contract; and this circumstance alone is sufficient to authorize the plaintiff to claim the dissolution of the concern. The articles of agreement do not contain any clause that the partnership might be dissolved at the will of either of the parties, by simply withdrawing therefrom, as the defendant's counsel has urged; but as the consent of the other could not be obtained by amicable means, it was necessary to apply to the laws of the country for that purpose. The eighth article of the agreement gives to either of the partners the right of dissolving the partnership in case of violation of either of the articles by the other partner,

Where the articles do not contain a clause that the partnership might be dissolved at the will of one of the parties, simply by withdrawing from it, and the other refuses to consent, it becomes necessary for the complaining partner to apply to the court for a dissolution.

But in case of violation of any of the articles of partnership by one partner, the other may dissolve the partnership, even without a stipulation to that effect.

and without this stipulation, such was their right under the 2858th article of the La. Code.

We think that without the necessity of entering into any detail of the facts and circumstances proven respectively by the parties in support of the grounds of complaint by them set up against each other, the partnership was properly dissolved, and that the judge *a quo* did not err in ordering the liquidation and settlement of the concerns. Nay, the parties would be placed in a very awkward situation, if, by our judgment we were to revive a partnership which has been actually dissolved for at least three years. All that remains now to be done so as to come to a final adjustment of their respective pretensions, is to carry into effect the judgment of dissolution, and to investigate all the matters in controversy between the parties, as arising from their respective claims against each other, or against the partnesrhip, and as resulting from their acts during the existence of the firm.

Where a partnership has been properly dissolved by the judgment of the inferior court, and a liquidation ordered, it will be carried into effect by this court.

With regard to the intervenor, it does not appear to us that the lower court erred: his contract with the partners contained a clause from which neither of them had the right of using the machinery for their individual benefit or separate from the concern ; with the exception, however, of the case of death of either of them, or the withdrawal of one of them from the partnership ; in which cases, the survivor or the one who might choose to continue the business, should have the right of continuing the use of the machinery. It is therefore clear that this partnership having not been dissolved by the death of one of the parties, or by the voluntary withdrawal of one of them from the concern, the condition contemplated by the contract founded on the supposition that the same establishment should remain in the hands of one of the co-partners, cannot be realized, and that the intervenor has ceased to be bound by the stipulation inserted in the said contract for the reciprocal benefit of the parties ; indeed, from the nature and result of the present controversy, it would be impossible to give effect to and make a proper application of the clause from which one of the

partners is to have the use of the machinery after the dissolution of the firm.

It is therefore ordered, adjudged and decreed that the judgment of the Parish Court be affirmed, with costs.